UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WESLEY MATTHEWS,<br><br>　　　　　Defendant. | CASE NO. 6:14-mj-00102-MJS<br><br>ORDER DENYING DEFENDANT'S REQUEST FOR A HEARING TO DETERMINE IF AN EVIDENTIARY HEARING IS TO BE HELD<br><br>(ECF NO. 11) |

## I.　PROCEDURAL HISTORY AND ISSUE

On September 11, 2014, the Government charged Mr. Matthews in a four-count complaint with: 1) operating a motor vehicle while under the influence of alcohol in violation of 36 C.F.R. § 4.23(a)(1), 2) operating a motor vehicle with a breath alcohol concentration greater than .08 grams in violation of 36 C.F.R. § 4.23(a)(2), 3) driving a motor vehicle on a suspended or revoked license in violation of 36 C.F.R. § 4.2, incorporating California Vehicle Code § 14601.1, and 4) failing to provide proof of vehicle insurance in violation of 36 C.F.R. § 4.2, incorporating California Vehicle Code § 16457. (ECF No. 1.)  On September 30, 2014, Mr. Matthews was arraigned on the charges and entered a plea of not guilty.  (ECF No. 2.)

On December 22, 2014, Mr. Matthews filed a Motion to Suppress. (ECF No. 4.) The Government filed its response on January 6, 2015, and Mr. Matthews replied on January 13, 2015. (ECF Nos.7 & 9.) The matter currently is set for hearing before this Court on February 25, 2015 at 1:30 p.m. for presentation of evidence relevant to issues raised by Defendant's pending Motion to Suppress. (ECF Nos. 4 & 10.) The Defense now objects to the holding of the evidentiary hearing and asks the Court to set a hearing for February 18, 2015 to hear its objections. (ECF No. 11.) It also asks that the Defense be permitted to appear telephonically at the proposed February 18, 2015 hearing.

**II.   DISCUSSION**

Defendant argues, without citation to any authority, that the Government has not raised an issue of fact relative to the Motion to Suppress and that, absent same, an evidentiary hearing is not warranted. The Government responds that questions of fact are implicit in the process of determining the reasonableness of the arresting officer's actions.

Without resolving whether or not a question of fact has yet been raised, the Court concludes that it has the discretion and authority to hold an evidentiary hearing if and as it sees fit and even where there is no overt factual dispute. United States v. Batiste, 868 F. 2d 1089, 1091-92; United States v. Moran-Garcia, 783 F. Supp. 1266, 1269 (S.D. Cal. 1991) (". . . no quantum or quality of proof is sufficient to preclude a district court from holding an evidentiary hearing when it so chooses."). In this case, the Court believes it and the parties may benefit from a better understanding of the circumstances leading to Defendant's arrest, and it wishes to avail itself of that benefit.

There shall be no February 18, 2015 hearing in this case. The evidentiary hearing will go forward as scheduled on February 25, 2015.

It is unclear whether Defendant and/or his counsel wish to appear in person, by phone or not at all at the February 25, 2015 hearing. The choice is theirs. However, if

Defendant is not personally present and available for cross-examination, he may not offer testimony at the hearing.

For the foregoing reasons, Defendant's request for a hearing February 18, 2015, is DENIED.

IT IS SO ORDERED.

Dated:   February 10, 2015            /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE